# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 4:09CV-77-M

**EARL B. VICTOR**                                                                 **PLAINTIFF**

v.

**MUHLENBERG CAREER DEVELOPMENT CENTER**                    **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff, acting without the assistance of counsel, commenced this action against the Muhlenberg Career Development Center. Because Plaintiff is proceeding *in forma pauperis*, this Court is required to screen the complaint "before process is served." *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997) (referencing 28 U.S.C. § 1915(e)(2)). Section 28 U.S.C. § 1915(e)(2) requires the Court to dismiss a case at any time if the court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from relief. *See id.*; *McGore v. Wrigglesworth*, 114 F.3d at 601. For the reasons set forth below, the Court will dismiss this action.

In his form complaint, Plaintiff states:

> I was attended Muhlenberg Job Corps Center in 2001 but now it is Muhlenberg Career Development Center but anyway I was a student there and the vocational skill offering I choose was business/clerical but I really was sopost to be taking up the skill welding but they didn't have that skill at that job corp and the reason why I was sopost had took up welding because I had already been to a job corp and it was in Moganfield, KY back in 1995-1996 I had complete that skill and got a job in that skill but I only work there for one day because the man want me to get some more training and welding so he told me that I had to go back to job corp while my job corp training specialist was in his office with me so four years went by I went back to Job Corp and the year I went back to job corp was 2001 and this is the reason why I'm suing the Muhlenbrg Career Development Center because on 6/14/01 I was attacked by 5 students in the dorm and now I suffer from severe back pains that thats why I left Muhlenberg Career and as a result of the beating I feel as though I was

made to look like the villian I didn't not feel safe there read I was eligible fora transfer therefore I was denied the opporunity to get another trade and the name of that trade is business/clerical.

Plaintiff states that he is suing Defendant for money damages and equitable relief because he was attacked by the five students in the dorm and he feels that Defendant breached its duty to keep him safe while he was student there.

Plaintiff has not articulated any federal cause of action.[1] Therefore, the Court assumes that Plaintiff is invoking diversity jurisdiction (Plaintiff is a citizen of Alabama, and Defendant is presumably a citizen of Kentucky).

It appears that Plaintiff's claim against Defendant is based on state-law negligence. In Kentucky an "action for an injury to the person of the plaintiff" must be brought within one year. *See* Ky. Rev. Stat. § 413.140. Because Plaintiff's claims arise out of an assault and injury to his person, the one-year statute of limitations applies to his claim. Plaintiff alleges in his complaint that the he was assaulted on June 14, 2001. Accordingly the statute of limitations expired one year later on June 14, 2002. Plaintiff did not file this lawsuit until September 3, 2009, over seven years after the statute of limitations had expired. Accordingly, his claims against Defendant are time-barred.

---

[1] Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The Court will enter a separate Order dismissing this action.

Date:

cc: Plaintiff, *pro se*
    Defendant
4414.008